**Frances FLEJTER, Plaintiff–Appellant,**

v.

**Terry SMITH, et al., Defendants–Appellees.**

Nos. 01–3943, 01–3944, 01–3945.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 24, 2003.*

Decided Feb. 26, 2003.

Before BAUER, CUDAHY, and KANNE, Circuit Judges.

* The district court dismissed this case before the defendants were served. The appellees have therefore not participated in this appeal. After an examination of the brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed. R.App. P. 34(a)(2).

**258**

## ORDER

In this consolidated appeal, we are invited to second-guess custody and visitation decisions made by Illinois courts regarding John Reed, an adult, developmentally disabled ward of the state. Mr. Reed's mother, plaintiff Frances Flejter, issued the invitation in the form of three 42 U.S.C. § 1983 civil rights complaints, which allege that the defendants–various psychiatric professionals, attorneys, and a state court judge–illegally stripped Flejter of custody over Mr. Reed, and that more recently the same defendants succeeded in ending Flejter's visits with her son. Flejter asks that custody of Mr. Reed be returned to her. The district court dismissed all three complaints, noting that federal courts lack jurisdiction over family law matters, and that the *Rooker–Feldman* doctrine precluded it from reviewing the state court judgments that deprived Flejter of custody and visitation rights. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

■ We, too, must decline Flejter's invitation. As the district court correctly held, the federal courts lack jurisdiction to issue custody decrees, which is essentially what Flejter asks of us. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). Furthermore, to the extent Flejter attacks the state court decisions resulting in Mr. Reed's becoming a state ward and ending her visitation privileges, *Rooker–Feldman* bars our review. *See T.W. by Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir.1997) (lower federal courts cannot review state court custody decisions); *Newman v.*

*Indiana*, 129 F.3d 937, 940–41 (7th Cir. 1997)(same).

AFFIRMED.